UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 18-12681-MAM
CHAPTER 11

FLYING COW RANCH HC, LLC,

    Debtor.
_____/

## NOTICE OF APPEAL

Debtor, THOMAS G. HINNERS, appeals to the District Court of the Southern District of Florida from the following:

    1.    ORDER GRANTING MOTION TO COMPEL AND REQUIRING DEBTOR TO ASSUME OR REJECT LAND SALE AGREEMENT (ECF 54).

    2.    ORDER DENYING DEBTOR'S MOTION FOR REHEARING ON ORDER GRANTING MOTION TO COMPEL AND REQUIRING DEBTOR TO ASSUME OR REJECT LAND SALE AGREEMENT (ECF 80).

    3.    ORDER GRANTING IN PART DEBTOR'S MOTION TO EXTEND DEADLINE TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES (ECF 81).

The parties to the Order appealed from and the names of their respective attorneys are as follows:

| | |
|---|---|
| TIMOTHY J. MCCARTHY AND<br>MARK J. MCCARTHY<br>CO-TRUSTEES OF THE MCCARTHY<br>LAND TRUST AGREEMENT | FLYING COW RANCH HC, LLC |
| THOMAS ABRAMS, ESQ.<br>Attorney for McCarthy<br>Gamberg & Abrams<br>1778 N. Pine Island Rd Suite 215<br>Ft. Lauderdale, FL 33322 | LES S. OSBORNE, ESQ.<br>Attorney for Debtor<br>Rappaport Osborne & Rappaport, PLLC<br>1300 N. Federal Highway, Suite 203<br>Boca Raton, FL 33432 |

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by regular mail or electronically where available to the parties enumerated on the attached this the 10th day of August, 2018.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2091-1(A).

RAPPAPORT OSBORNE & RAPPAPORT, PLLC
Attorneys for Debtor
Suite 203, Squires Building
1300 North Federal Highway
Boca Raton, Florida 33432
Telephone: (561) 368-2200

BY: /s/
LES S. OSBORNE, ESQ.
Florida Bar No. 823139

SERVICE LIST:

- Thomas L Abrams    tabrams@tabramslaw.com, dabrams@tabramslaw.com
- Heidi A Feinman    Heidi.A.Feinman@usdoj.gov
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov



**ORDERED in the Southern District of Florida on June 22, 2018.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No. 18-12681-BKC-MAM |
| **Flying Cow Ranch HC, LLC,** | Chapter 11 |
| Debtor(s). | |
| _____/ | |

**ORDER GRANTING MOTION TO COMPEL (ECF NO. 30) AND REQUIRING DEBTOR TO ASSUME OR REJECT LAND SALE CONTRACT**

**THIS MATTER** came before the Court for hearing on May 14, 2018, upon the *Motion to Compel Assumption or Rejection of Executory Contract and Payment of Contractual Extension Fees* (the "Motion to Compel") (ECF No. 30) filed by Timothy K. McCarthy and Mark J. McCarthy, Trustees of the McCarthy Land Trust Agreement ("McCarthy"). Flying Cow Ranch HC, LLC (the "Debtor") filed a *Response* (ECF No. 34) to the Motion to Compel. At the hearing, the Court heard argument of counsel for both McCarthy and the Debtor and took the matter under advisement.

1

The Debtor filed for chapter 11 bankruptcy relief on March 8, 2018. On its schedules, the Debtor listed its primary asset as an interest in a purchase and sale contract (the "Land Sale Contract") dated December 5, 2014, to purchase 150 acres of land in Wellington, Florida (the "Property"). McCarthy is the owner and seller of the Property and is thus a party, along with the Debtor,[1] to the Land Sale Contract. A true and correct copy of the Land Sale Contract, along with its addendums, is attached to the Motion to Compel as Exhibit 1.

According to the Land Sale Contract, the sale was initially required to close no later than June 4, 2017—thirty (30) months from the December 4, 2014, effective date, assuming certain extension fees were paid to McCarthy.[2] The second addendum provided for an extended closing date of no later than December 5, 2018, assuming certain extension fees and deposits were paid to McCarthy.[3] It is not disputed that

---

[1] The buyer listed on the Land Sale Contract is Legacy Group of the Palm Beaches, LLC ("Legacy Group"). However, Legacy Group assigned its interest in the Land Sale Contract to the Debtor as indicated on Addendum Nos. 2 and 3 to the Land Sale Contract.

[2] According to paragraph 5 of the Land Sale Contract, the effective date of the Land Sale Contract is "the date on which the last one of the Seller and Buyer has signed or initialed and delivered this offer or the final counter offer." Land Sale Contract, p. 1, § 3. McCarthy last signed the Land Sale Contract on December 4, 2014, which caused the effective date of the Land Sale Contract to be December 4, 2014. According to paragraph 4 of the Land Sale Contract, the closing date is subject to the terms of the addendum. Land Sale Contract, p. 1, § 4. The first addendum states: "The closing must take place within twenty four months of the contract effective date, unless extended in writing by buyer and seller. Buyer may extend the closing for any reason, to thirty (30) months from the effective date by paying seller an additional $100,000.00 non-refundable deposit to be added to the purchase price." Addendum No. 1. Thirty months from the December 4, 2014, effective date was June 4, 2017.

[3] The second addendum, signed on May 24, 2017, provides for three potential extensions of the closing date:
> 1. Buyer shall pay to Seller before June 4, 2017, $225,000.00 from the $250,000.00 deposit . . . , an extension fee to postpone the closing date by 3 months. The fee paid will not be applied to the purchase price and the money is nonrefundable.
> 2. At the expiration of the 3 months the contract closing date can be extended for up to 3 additional months by paying $75,000.00 per month for each extension paid in advance.

2

the Debtor was paying the extension fees pre-petition, with certain allowances provided for in the third addendum,[4] but ceased paying the extension fees after the filing of the bankruptcy petition, particularly the $100,000.00 extension fees due in April and May of 2018. James Hall, the Debtor's representative, testified at the § 341 meeting of creditors that the Debtor had sufficient funds to close the sale but that the Debtor no longer desired to do so because the City of Wellington had not approved certain aspects of the Debtor's master plan for the Property.

It is the Debtor's position that the failure to obtain desired zoning approvals and permits constitutes a *force majeure* covered by the Land Sale Contract's Force Majeure Clause and excuses the delay in performance or the nonperformance of the Debtor's obligations under the Land Sale Contract. McCarthy disagrees and contends that the Debtor should be compelled to assume or reject the Land Sale Contract and pay the post-petition extension fees. Alternatively, McCarthy contends that the Debtor's case should be dismissed as a bad faith filing. For the reasons discussed below, the Court agrees with McCarthy that the Force Majeure Clause is inapplicable

---

> 3. After 6 months Buyer may extend the contract closing date by paying Seller an extension fee of $100,000.00 per month for each extension for up to 12 months. Closing to take place within 18 months (or on or before December 5, 2018).
> 4. Contract price remains unchanged ($15,000,000.00) and the extension fees are not applied as a credit to the purchase price.

Addendum No. 2.

[4] On December 5, 2017, the Debtor and McCarthy signed a third addendum, which reduced the extension fees for each of December 2017, January 2018, and February 2018, from $100,000.00 to $50,000.00, with the understanding that the unpaid $50,000.00 from each month "is still due and owing and will be paid . . . when the closing occurs." Addendum No. 3. The third addendum also postpones payment of the $75,000.00 October 2017 extension fee to the closing date. *Id.*

3

and thus finds it appropriate to set a deadline for the Debtor to assume or reject the Land Sale Contract.

The Land Sale Contract is an executory contract, as it is a contract "on which performance remains due to some extent on both sides." *In re Gen. Dev. Corp.,* 84 F.3d 1364, 1370 (11th Cir. 1996). Section 365 of the Bankruptcy Code governs executory contracts. A debtor in possession ("DIP"), subject to the Court's approval, may assume or reject any executory contract of the debtor. *See* 11 U.S.C. § 365(a). In a chapter 11 case, the DIP "may assume or reject an executory contract . . . of the debtor at any time before the confirmation of a plan[,] but the court, on the request of any party to such contract . . . , may order the [DIP] to determine within a specified period of time whether to assume or reject such contract[.]" 11 U.S.C. § 365(d)(2). Additionally, if there has been a default in an executory contract of the debtor, the DIP may not assume such contract unless, at the time of assumption of such contract, the DIP:

> (A) cures, or provides adequate assurance that the [DIP] will promptly cure[] such default . . . ;
>
> (B) compensates, or provides adequate assurance that the [DIP] will promptly compensate, a party other than the debtor to such contract . . . , for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract . . . .

11 U.S.C. § 365(b)(1). Finally, "the rejection of an executory contract . . . of the debtor constitutes a breach of such contract." 11 U.S.C. § 365(g).

4

A *force majeure* clause[5] is a contractual clause that excuses performance of contractual obligations—either wholly or for the duration of the *force majeure*—upon the occurrence of a covered event which is beyond the control of either party to the contract. "A permissible *force majeure* clause covers events that may or may not happen, but whether they do is beyond the control of [either party]. This type of clause is not an opt-out provision; it is limited in scope." *Princeton Homes, Inc. v. Virone*, 612 F.3d 1324, 1332 (11th Cir. 2010) (internal citations and quotation marks omitted). The events covered by a *force majeure* clause depend on the specific language of the contract, but generally, an event must be both outside of the control of the parties and unforeseeable. Although under Florida law, *force majeure* clauses that include foreseeable events and events that merely frustrate performance (rather than render performance impossible) are permissible, such events must be provided for in the language of the contract and must not result in an illusory contract. *See In re Mona Lisa at Celebration, LLC*, 436 B.R. 179, 194 (Bankr. M.D. Fla. 2010) (noting that foreseeable events may be covered); *Home Devco/Tivoli Isles LLC v. Silver*, 26 So. 3d 718, 722 (Fla. 4th DCA 2010) (noting that "*force majeure* clauses broader than the scope of impossibility are enforceable under Florida law, including those allowing foreseeable as well as unforeseeable events to excuse timely performance" as long as the events are outside of the control of the parties to the contract); *see also, Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1111-12 (C.D. Cal.

---

[5] Force majeure clauses are sometimes known as "act of God" clauses though covered events are not necessarily limited to acts of God.

5

2001) (noting that "courts [which] have found that contractual *force majeure* provisions which are silent on the issue of whether the excusing event must be unforeseeable should be construed to require unforeseeability"). Finally, a claim of *force majeure* is equivalent to an affirmative defense and the party relying on a *force majeure* clause bears the burden of proof. *U.S. v. Custom Climate Control, Inc.*, No. CIVA 807CV2295-T24TG, 2007 WL 4557234, at *9 (M.D. Fla. Dec. 20, 2007) (stating that the party relying on a *force majeure* clause "has the burden of proving, by a preponderance of the evidence, that an event was a [f]orce [m]ajeure event").

Here, the Force Majeure Clause contained in the Land Sale Contract reads as follows:

> **12. Force Majeure: Seller** or **Buyer** will not be required to perform any obligation under this contract or be liable to each other for damages so long as the performance or non-performance of the obligation is delayed, caused, or prevented by an act of God or force majeure. <u>An "act of God" or "force majeure" is defined as hurricanes, earthquakes, floods, fire, unusual transportation delays, wars, insurrections, and any other cause not reasonably within the control of **Seller** or **Buyer** and which by the exercise of due diligence the non-performing party is unable in whole or in part to prevent or overcome</u>. All time periods, including Closing Date, will be extended for the period that the act of God or force majeure is in place. However, in the event that such act of God or force majeure event continues beyond 30 days, either party may terminate this contract by delivering written notice to the other, and **Buyer's** deposit(s) will be returned.

Land Sale Contract, p. 5, ¶ 12 (underline emphasis added).[6] The Debtor contends that the failure to obtain zoning approvals and permits from the City of Wellington is a

---

[6] The Land Sale Contract also contains an integration clause: "**14. Complete Agreement; Persons Bound**: This contract is the entire agreement between Seller and Buyer. **Except for brokerage agreements, no prior or present agreements will bind Seller, Buyer, or Broker unless incorporated into this contract**." Land Sale Contract, p. 5, § 14.

6

*force majeure* event covered by the Land Sale Contract's Force Majeure Clause. The Court disagrees. The specifically enumerated *force majeure* events are all wholly outside of the control of either of the parties and are unforeseeable. The Debtor's inability to obtain approvals and permits from the City of Wellington, however, was not wholly outside of the control of the Debtor nor was it unforeseeable. Indeed, the Eleventh Circuit Court of Appeals has specifically held that obtaining a building permit "is not beyond [a party's] control or an unforeseeable obstacle that would prevent [a party] from" performing its contractual obligations." *Princeton Homes*, 612 F.3d at 1332. Other courts have similarly concluded that a failure to obtain zoning approvals or permits does not qualify as a *force majeure* event unless specifically included in the contractual provision at issue. *See, e.g., Burns Concrete, Inc. v. Teton Cty.*, 161 Idaho 117, 120, 384 P.3d 364, 367 (2016), *reh'g denied* (Dec. 6, 2016) (holding that "the failure to obtain zoning approval for the permanent facility was foreseeable, and therefore that eventuality should have been included in the force majeure clause in order for the clause to apply to it"); *Fort Howard Senior Hous. Assocs., LLC v. U.S.*, 121 Fed. Cl. 636, 655 (2015) (holding that the "decision not to exempt FHSHA from local zoning requirements and any delay in making that decision is not a force majeure event that prevented construction").

Accordingly, the Court finds that the failure of the Debtor to obtain the desired zoning approvals and permits does not constitute a *force majeure* event which would excuse performance or delayed performance of the Debtor's obligations under the Land Sale Contract. The Court thus will require the Debtor to either assume or reject

7

the Land Sale Contract, and finds it appropriate to establish a deadline within which the Debtor must do so.

Accordingly, the Court hereby **ORDERS AND ADJUDGES** that:

1. The Motion to Compel is **GRANTED** to the extent it requests that the Court set a deadline for the Debtor to assume or reject the Land Sale Contract and require the Debtor to pay all extension fees due under the Land Sale Contract.

2. The Motion to Compel is **DENIED WITHOUT PREJUDICE** to the extent it requests dismissal of the case.

3. The Debtor shall have 14 days from the date of this Order to file a motion to assume or reject the Land Sale Contract.

4. If the Debtor elects to assume the Land Sale Contract, the Debtor will be required to cure all defaults under the Land Sale Contract and to provide adequate assurance of future performance under the Land Sale Contract.

5. If the Debtor fails to file a motion to assume the Land Sale Contract within the deadline specified in paragraph 3, such failure shall constitute a rejection and breach of the Land Sale Contract without further order of the Court. In such event, McCarthy shall file any proof of claim specifying its rejection damages within 44 days from the date of this Order.

###

Copies furnished to:

All interested parties by Counsel for Timothy K. McCarthy and Mark J. McCarthy, Trustees of the McCarthy Land Trust Agreement

8



ORDERED in the Southern District of Florida on July 26, 2018.

Mindy A. Mora, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:                                                CASE NO: 18-12681-MAM

FLYING COW RANCH HC, LLC              CHAPTER 11

      Debtor.
_____/

## ORDER DENYING DEBTOR'S MOTION FOR REHEARING ON ORDER GRANTING MOTION TO COMPEL AND REQUIRING DEBTOR TO ASSUME OR REJECT LAND SALE CONTRACT

**THIS CAUSE** came before the Court for hearing on July 24, 2018 at 1:30 p.m. on Debtor's Motion for Rehearing of this Court's June 22, 2018 Order Granting Motion to Compel and Requiring Debtor to Assume or Reject Land Sale Agreement [ECF 59] and the Court having considered the Motion, the response in opposition and having heard oral argument of counsel, and for the reasons stated on the record, and being otherwise fully advised, it is hereby

**ORDERED** that Debtor's Motion for Rehearing of this Court's June 22, 2018 Order

Granting Motion to Compel and Requiring Debtor to Assume or Reject Land Sale Agreement [ECF 59] is DENIED.

###

Submitted by:
Thomas L. Abrams, Esq.
GAMBERG & ABRAMS
1776 North Pine Island Road, Suite 215
Fort Lauderdale, Florida 33322
Telephone: (954) 523-0900
Facsimile: (954) 915-9016
E-mail:tabrams@tabramslaw.com
Thomas L. Abrams, Esquire
Florida Bar No. 764329

**Thomas L. Abrams, Esq.** shall serve a copy of this order upon Debtor's counsel and Trustee and all interested parties and shall file a certificate of service thereof.



ORDERED in the Southern District of Florida on July 26, 2018.

Mindy A. Mora, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:                              CASE NO: 18-12681-MAM

FLYING COW RANCH HC, LLC        CHAPTER 11

    Debtor.
_____/

### ORDER GRANTING IN PART DEBTOR'S MOTION TO EXTEND DEADLINE TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**THIS CAUSE** came before the Court for hearing on July 24, 2018 at 1:30 p.m. on Debtor's Motion to Extend Deadline to Assume or Reject Executory Contracts and Unexpired Leases [ECF 57] and the Court having considered the Motion, having heard oral argument of counsel, and for the reasons stated on the record, and being otherwise fully advised, it is hereby

**ORDERED** that Debtor's Motion to Extend Deadline to Assume or Reject Executory Contracts and Unexpired Leases is GRANTED in part. Debtor shall have up to and including 14 days from the date of this Order to assume or reject the Land sale contract with Timothy J. McCarthy and Mark J. McCarthy, Co Trustees of the McCarthy Land Trust Agreement. As to

all other executory contracts and unexpired leases, if any, debtor shall have ninety (90) days from the date of this Order to assume or reject such executory contract and unexpired leases.

###

**Submitted by:**
Thomas L. Abrams, Esq.
GAMBERG & ABRAMS
1776 North Pine Island Road, Suite 215
Fort Lauderdale, Florida 33322
Telephone: (954) 523-0900
Facsimile: (954) 915-9016
E-mail:tabrams@tabramslaw.com
Thomas L. Abrams, Esquire
Florida Bar No. 764329

**Thomas L. Abrams, Esq.** shall serve a copy of this order upon Debtor's counsel and Trustee and all interested parties and shall file a certificate of service thereof.