**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 9:18-CV-81078-DMM
BANKRUPTCY CASE NO. 18-12681-MAM

FLYING COW RANCH HC, LLC,

    Debtor.
_____/

FLYING COW RANCH HC, LLC,

    Appellant,

v.

TIMOTHY J. MCCARTHY AND MARK J. MCCARTHY,

    Appellees.
_____/

**RESPONSE TO CREDITOR, TIMOTHY K. MCCARTHY AND MARK J. MCCARTHY, CO-TRUSTEES OF THE MCCARTHY LAND TRUST AGREEMENT'S MOTION TO DISMISS APPEAL**

    COMES NOW, Appellant, FLYING COW RANCH HC, LLC, (hereinafter "Flying Cow"), and files this response to the Motion to Dismiss Appeal filed by Creditor, TIMOTHY K. MCCARTHY AND MARK J. MCCARTHY, CO-TRUSTEES OF THE MCCARTHY LAND TRUST AGREEMENT (hereinafter collectively "Appellee").

**BACKGROUND**

    1.    Flying Cow is a Debtor in Possession pursuant to Chapter 11 of the U.S. Bankruptcy Code. The Debtor's primary asset is an interest in a purchase and sale contract dated December 5, 2014 to purchase 150 acres of land in Wellington, Florida

(hereinafter "Land Sale Contract").  Appellee is the owner and seller of the subject property under the Land Sale Contract.

       2.       The Land Sale Contract contains a *force majeure* clause which would excuse performance by Flying Cow during the period for which the *force majeure* clause applies.  This includes making the monthly payments and the ultimate closing date.  The Appellee brought a motion before the Bankruptcy Court to compel assumption or rejection of the executory contract.  Flying Cow argued that it was not required to do so at this time based upon the *force majeure* clause.  The Bankruptcy Court determined that the *force majeure* clause was not applicable and required that a Motion to Assume or Reject be filed by a date certain.  A timely Notice of Appeal was filed.  This is the appeal that is currently before this Court.  Subsequent thereto, Flying Cow did file a Motion to Assume, in compliance with the Court's instructions.  At the hearing, Flying Cow specifically asserted that it believed that the *force majeure* clause was still in effect and it was subject to appeal and that they should not be forced to proceed at this time.  The Court disagreed.  The Court ultimately denied the Motion to Assume on the basis that the Debtor was not willing to cure the $500,000.00 default in post-petition monthly payments at $100,000.00 per month.  The Debtor's position is that there are no defaults in the monthly payments as the *force majeure* clause excused them from making the monthly payments.  A timely Notice of Appeal was filed on the Order Denying the Motion to Assume and will likely be the subject of a Motion to Consolidate Appeals in the future.

## **ARGUMENT**

3. The current Motion to Dismiss filed by the Appellee makes two arguments; that the appeal is baseless and should be dismissed, and, the doctrine of equitable mootness.

4. The facts of this case are not in dispute. The dispute surrounds solely the *force majeure* clause and its applicability. The standard of review is *de novo* as this is purely an issue of law to be determined by the Appellate Court. While Appellee's Motion makes numerous arguments as to why the *force majeure* clause is inapplicable and that the Flying Cow "could have decided to build ten McDonald's on the property…" These are not proper basis for a motion to dismiss. Flying Cow, as the Appellant, should have the right to present its legal arguments to the Court pursuant to a filing of the initial brief as is the proper appellate procedure. Appellee will then have its opportunity to file an answer brief and argue to the Court why it believes the Appellant is wrong, and the Appellant will have the opportunity to file a reply brief. Attempting to argue the merits of an appeal in a motion to dismiss is simply improper.

5. The Appellee also argues that the appeal should be dismissed based upon the doctrine of equitable mootness. Appellee begins it argument by citing the *First Union Real Estate Equity & Mortgage Invs. v. Club Assocs.*, 956 F.2d 1065, 1069 (11th Cir. 1992), for the proposition that "equitable mootness is a doctrine that permits court sitting in bankruptcy appeals to dismiss challenges when effective relief would be impossible, in other words the appellate court cannot grant effective judicial relief." (Appellee's motion paragraph 14). This is a correct statement of the law. However, it is completely inapplicable in this instant case.

6. In *First Union* there was a Chapter 11 Plan which had been substantially consummated. Multiple parties had changed their positions based upon the court ruling that had not been stayed. In that case, the court focused on the issue of the stay due to the effect on third parties.

7. Far more recently, the 11th Circuit was called upon to determine the applicability of the doctrine of equitable mootness. In *Ullrich v. Welt (In Re Nica Holdings, Inc.)* 810 F.3d 781 (11th Cir. 2015), the 11th Circuit stated "central to a finding of mootness is a determination by an appellate court that it cannot grant effective judicial relief [emphasis original]. *Id.* at 786, citing *First Union*, *supra* at 1069. The 11th Circuit further recognized "failure to obtain a stay of proceedings related to the bankruptcy does not automatically render appeal moot." *Id.* at 788. In *Ullrich,* a motion to dismiss a bankruptcy had been filed and that motion was denied. No stay had been obtained and substantial assets, consisting of lawsuits, were settled during the case. The 11th Circuit noted "the equitable mootness doctrine is primarily concerned with the finality interests of third parties, such as good faith purchasers or investors, as opposed to the parties before the court who knew better than to heedlessly rely on the ruling below." *Id*. at 787, n.6. The Court recognized that the parties at issue were both before the court, and that the kind of transactions involved here were neither particularly complicated nor irreversible. The Court then further described the types of transactions that had typically been ruled as equitably moot, such as large securities offerings to third party investors with payment to all administrative expenses and payments to trade creditors, plans involving subsequent consolidation of five debtors creating a liquidating trust, etc. In analyzing whether or not the transactions could be undone and the parties

put back in the position they were in before the appeal, the court determined that they could be and as such determined that equitable mootness did not apply.  See also *In re Miami Center, LP v. Bank of New York*, (11th Cir. 1988).  (Mootness does not apply where the purchaser has not taken irrevocable steps and relies on the purchase).  In this instant case, the parties at issue are still before the Court.  Were this Court to reverse the Bankruptcy Court's decision, the force majeure clause would be fully applicable and the bankruptcy could proceed under those terms.  The parties before the Bankruptcy Court are all before this Court and no third party interests are involved. Equitable mootness simply does not apply.

8. Appellee also tries to argue that equitable mootness is applicable because, based upon instructions of the Bankruptcy Court, Flying Cow filed its motion to assume.  As previously noted, Flying Cow was obeying the Orders of the Court.  Flying Cow argued at the hearing that the *force majeure* clause was still applicable and as such they were not in breach of the contract.  The Court denied assumption based, in part, upon the findings that the force majeure clause is not enforceable.  That is the matter of a second appeal which, as noted, will likely be the subject of a motion to consolidate with this appeal.  In any event, if the Court, upon its *de novo* review, determines that the *force majeure* clause was incorrectly ruled upon by the Bankruptcy Court, there is no transaction, fact or issue of any type shown or alleged that cannot be undone.

9. As a final note, the case of *Epic Metals Corp. v. Condec, Inc.* (D.Md. Fla. 1998), sets forth a detailed analysis of the equitable mootness doctrine.  The Court cites *First Union* for the proposition that

> …the test for mootness reflects the court's concern for striking the proper balance between the equitable considerations of finality and good faith reliance on the judgment and the competing interests that underlie the right of a party to seek review of a bankruptcy court order adversely affecting him.

*First Union supra* at 1069, citing *In re Informations Dialogues*, 662 Fed. 2d. at 477 (8th Cir. 1981).  The Court noted that the failure to obtain a stay is not per se dispositive and that the Appellate Court would look at the totality of the circumstances.  It then set forth seven factors that it said courts typically look at in rendering this determination:

1. A consideration of the interests of finality and the passage of time-in this case it is a two party dispute and the passage of time is nominal.

2. Whether there has been a comprehensive change in the circumstances-there has not.

3. Whether a stay has been obtained and if not, why not-no stay has been obtained, but it is not necessary as no parties interests have been affected in any way that would make judicial relief no longer a viable option.

4. Whether Debtor's reorganization plan has been substantially consummated- it has not.

5. The type of relief sought-*de novo* review of a legal finding.

6. The effect of granting such relief on third parties not currently before the court-none.

7. The threat to the reemergence of the Debtor as a revitalized entity-the incorrect ruling of the bankruptcy court is a threat to the Debtor emerging as a revitalized entity and this court should have the opportunity for *de novo* review.

10. A review of all of the factors set forth above clearly shows that equitable mootness does not apply and the totality of the circumstances require the appeal should proceed. For all of the foregoing reasons the Motion to Dismiss must be denied.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served electronically where available or by regular mail to all those enumerated herein below this 20th day of September 2018.

> RAPPAPORT OSBORNE & RAPPAPORT, PLLC
> Attorneys for Debtor/Appellant
> Suite 203, Squires Building
> 1300 North Federal Highway
> Boca Raton, Florida 33432
> Telephone: (561) 368-2200
>
>
> BY:   /s/
>       LES S. OSBORNE, ESQ.
>       Florida Bar No. 823139

SERVICE LIST:

- Thomas Louis Abrams tabrams@tabramslaw.com,dabrams@tabramslaw.com
- Noticing Bankruptcy Court CMECF_support@FLSB.uscourts.gov,nora_blanco@flsb.uscourts.gov,lorraine_lebron@flsb.uscourts.gov,martha_ortman@flsb.uscourts.gov,lisa_grzeskiewicz@flsb.uscourts.gov